Donald M. Bradish
vs. } NO. 90323
Elizabeth T. Sullivan, et al.

May 5, 1933.

CHURCHILL, J. Heard jury trial waived.

The case is trespass and ejectment. Both parties claim title through John Q. Bradish. On November 8, 1911, he and Leola P. Bradish executed the following instrument:

"THIS INDENTURE, made the eighth day of November, A. D. 1911, By and Between JOHN Q. BRADISH of Providence, R. I., of the first part, and LEOLA P. BRADISH, wife of Stanley P. Bradish, of Apponaug, R. I., of the second part.

"WITNESSETH:—That the party of the first part, in consideration of stipulations, covenants and agreements hereinafter reserved and contained, does demise and lease to the party of the second part and their children, his Lot of land with the buildings thereon, located and being on Thurbers Avenue, in the City of Providence, County of Providence, State of Rhode Island, for the term of until their youngest child shall become of the age of twenty-one years.

"Upon condition that, the party of the second part and their children, keep the buildings in good and tenantable repair, pay and discharge all taxes and assessments that may be lawfully taxed or assessed upon said premises or any part thereof, and keep the buildings duly insured against loss or damage by fire.

"TO HAVE AND TO HOLD the said premises, with all the privileges and appurtenances to the same belonging, to the party of the second part and their children, for and during the said term until their youngest child shall become of age, when the title to said property shall vest equally in their children.

"The right of domicile is hereby reserved to Stanley P. Bradish husband of said second party.

"The Lessor hereby reserves to himself during his natural life the joint occupancy of said premises and to make such changes in the terms and conditions of this lease as he may deem desirable, it being understood that the first party will pay

all taxes, assessments and insurance during the continuance of such joint occupancy.

"IN WITNESS WHEREOF, we hereunto subscribe our names and affix our seals, the day and date first above written.

"JOHN Q. BRADISH.

In the presence of:

Lorenzo A. Rovelto

witness to both

LEOLA P. BRADISH,

STATE OF RHODE ISLAND

COUNTY OF PROVIDENCE:

"On this 23rd day of November, A. D. 1911, personally appeared John Q. Bradish and Leola P. Bradish, to me known, and known by me to be the persons named in the foregoing instrument, who being duly sworn, acknowledged to me, that they signed the same for the purposes therein mentioned.

"Frank A. Sheldon,
Notary Public."

Leola P. Bradish was the wife of Stanley P. Bradish and the plaintiff is the only child of that union. He is now over 21 years of age and was when the suit was commenced.

On October 21, 1913, by an agreement executed by the parties to the agreement of November 8, 1911, such instrument was cancelled The revoking document in its essential parts reads:

"Referring to an Agreement made by and between JOHN Q. BRADISH party of the first part, and LEOLA P. BRADISH, party of the second part, both of Providence County, State of Rhode Island, dated the twenty-eighth day of November, 1911, and recorded in Book 523 page 132 of the Records in the County Clerk's office of said County, Be it known, That we, the aforesaid parties, in accordance with the terms and conditions contained in said Agreement reference to which is hereby made for further particulars, mutually join in the following: The aforesaid first party deems it desirable and does hereby and hereon discontinue said Agreement and substitute a money consideration therefor. And said second party accepts said money consideration therefor and cancels said agreement."

This instrument was duly recorded October 22, 1913. On the same day John Q. Bradish conveyed the premises to Timothy G. Sullivan, the predecessor in title of the defendants and on November 3, 1913, Stanley P. Bradish and Leola P. Bradish, by a quitclaim deed, released all their right, title and interest in the premises to John Q. Bradish.

The sole question in the case is the scope and effect of the instrument executed on the 8th day of November, 1911.

The plaintiff contends that such instrument created either a life estate in Leola P. Bradish with a remainder in fee to the children of Leola P. and Stanley P. Bradish, or a life estate to Leola P. Bradish and her children by Stanley P. Bradish as tenants in common was created, and with a remainder in fee to such children.

Chap. 296, Sec. 11, Gen. Laws 1923, provides that:

"any form of conveyance in writing, duly signed and delivered by the grantor * * * shall be operative to convey to the grantee all the possession, estate, title and interest, claim, demand or right of entry or action, of the grantor, absolutely in and to the land conveyed * * * without any other act or ceremony * * *."

Construing such statute and the statute making a seal unnecessary, the Supreme Court said, in *Disley* vs. *Disley*, 30 R. I. 366 at 374:

"The statutes above referred to have done away with all mere form in this regard, and when the intention to convey an interest can be

gathered from the face of the instrument, that is sufficient."

Did John Q. Bradish intend, by the instrument of November 8, 1911, to convey a fee simple either in possession or remainder?

While it is true that the name which a party may give to an instrument executed by him must yield when it appears that his intention was to create rights of a different character than the name would imply, yet it is a matter which is relevant in construing an instrument in order to ascertain the intent. John Q. Bradish was careful to designate the instrument as a lease and to avoid all language which could be construed as creating an estate in fee. Language appropriate to a lease was used throughout the instrument. Instead of using the words "convey" or "grant," the appropriate words of "demise and lease" were used, and following this comes a description of the period for which the so-called lease runs. The scrivener then used the words ordinarily found in a lease, namely: "for the term of." Going further, to what has been termed the habendum clause, we find the phrase usual in deeds, "for the use of," entirely omitted and the phrase "during said term" again employed.

It is of some importance that by the instrument Leola P. Bradish and "their children" are obligated to keep the buildings in good repair, to insure them and to pay the taxes assessed against the property These are obligations incongruous in a deed conveying title out of the grantor, but usual in a lease. The intent of John Q. Bradish to retain control of the property is further manifested by the provision in the instrument giving the lessor joint occupancy during his life and reserving a right in "the lessor" to make "such changes in the terms and conditions of the lease as he may deem desirable."

That this is a valid provision in the lease, see

Beranek vs. Caccimaici, 157 Md. 142.

It is true that the language of the habendum clause: "when the title to said property shall vest equally in their children," is inconsistent with the language of the remainder of the document, but that John Q. Bradish intended by such language to divest himself of the title and control of the property forever, which rights in previous clauses of the instrument he had zealously guarded for his own benefit, is a construction which cannot be given the instrument if it is read as a whole.

Language somewhat similar in Holland vs. Keyes, 24 R. I. 289, was held to be a mere expression of desire and not as being words of conveyance.

Taken as a whole, the instrument executed on November 8, 1911, must be held to be a lease, the rights under which have been cancelled in the mode pointed out by the lease. Decision for the defendants for costs.

For plaintiff: Hinckley, Allen, Tillinghast, Phillips & Wheeler.

For defendants: John A. Tillinghast.